IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-00336- |
| | § | ALM-KPJ |
| JOSHUA LEE ARRIETA (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Joshua Lee Arrieta's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 25, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Michael Anderson.

Defendant was sentenced on February 10, 2020, before The Honorable David C. Godbey of the Northern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine—21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Defendant was subsequently sentenced to 41 months imprisonment (pursuant to the Sentencing Reform Act of 1984 and considering factors set forth in 18 U.S.C. § 3553(a)) followed by a 2-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, alcohol abstinence, and a $100 special assessment. On September 13, 2021, Defendant completed his period of imprisonment and began service of the supervision term. On December 15, 2021, the case was reassigned to U.S. District Judge Amos L. Mazzant, III.

On September 24, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance; (2) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (3) <u>Special Condition</u> Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month; and (4) <u>Standard Condition</u> After initially reporting to the U.S. Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when he must report to the Probation Officer, and he must report to the Probation Officer as instructed. (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On October 18, 2021, Defendant admitted both verbally and in writing to the U.S. Probation Officer that he used cocaine on or about October 15, 2021; (2) On June 24, 2022, and July 22, 2022, at the U.S. Probation Office, Plano, Texas, Defendant submitted a urine specimen which tested positive for cocaine. These specimens were sent to the Alere Toxicology Services and confirmed as positive; (3) On July 20, 2022, August 2, 2022, August 19, 2022, and September 21, 2022, Defendant failed to report as instructed for random urinalysis testing at the U.S. Probation Office, Plano, Texas. On August 5, 2022, Defendant failed to attend substance abuse group counseling, at Fletcher Counseling, Plano, Texas, as instructed. Defendant reported receiving positive Covid-19 test results, which made him unable to attend counseling on August 5, 2022. Defendant was instructed

to provide the Probation Officer documentation of such test results; however, Defendant failed to follow these instructions from the Probation Officer; and (4) On August 30, 2022, and September 21, 2022, Defendant failed to report to the U.S. Probation Office as instructed. It is noted that the Probation Officer called and texted Defendant on August 29, 2022, and September 20, 2022, and provided instruction to report, to which Defendant responded via text on both occasions. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 through 4 in the Petition. Having considered the Petition and the plea of true to allegations 1 through 4, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of fourteen months, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas or the North Texas area, if appropriate.

**SIGNED this 31st day of March, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE